```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                           CHARLESTON
```

**FRANCES BONNETT,**

    **Plaintiff,**

v.                                          Case No. 2:07-cv-00422

**SUMMIT HOTEL PROPERTIES, LLC,**
**a foreign corporation,**
**CHOICE HOTELS FRANCHISING, INC.,**
**a foreign corporation,**
**CHOICE HOTELS INTERNATIONAL, INC.,**
**a foreign corporation,**
**CHOICE HOTELS INTERNATIONAL SERVICES CORP.,**
**a foreign corporation,**
**JOHN DOE CORPORATION**
**(a Choice Hotels entity),**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' motion to compel, filed November 20, 2007 (docket # 17). The time has expired for plaintiff to respond, and the matter is ripe for decision.

In the complaint, the plaintiff alleges that while she was working as an employee of Summit Hotel Properties, LLC, a rug caused her to trip and fall, and "the placement of the rug . . . specifically violated specific safe industry practices. (# 17, Exh. A at ¶ ¶ 4, 9, and 11).

Th instant discovery dispute concerns the plaintiff's refusal to answer a single interrogatory propounded by the defendants.  On

September 28, 2007, the defendants' served a first set of combined discovery upon the plaintiff, including Interrogatory No. 17 below.

    <u>Interrogatory No. 17</u>:  Please state each and every fact and/or circumstance upon which you may rely at the trial of this action that will support the allegation that the said unsafe working condition was a violation of a State or Federal Safety Statute, rule or regulation, whether cited or not, and/or in violation of one or more commonly accepted and well-known safety standards within the industry or business of  the defendant, which statutes, rules, regulations, or standards were specifically applicable to the particular work and working condition involved at the time of plaintiffs injury herein complained of. Please include in your answer, but do not limit it to, what safety standards, rules, statutes, rules [sic] or regulations you are referring [sic].

(# 17, Exh. B at 9-10.)

On November 2, 2007, the plaintiff served upon the defendants her answers to their first set of combined discovery (# 17, Exh. C). She answered Interrogatory No. 17 as follows: "<u>Answer</u>: Objection. This requires a legal conclusion and as such this plaintiff in not so qualified to render the same opinion." (<u>Id.</u> at 12.)

By letter dated November 5, 2007, counsel for the defendants attempted to confer with counsel for the plaintiff in an effort to secure an answer to Interrogatory No. 17 (# 17, Exh. D).

To date, the plaintiff has failed to answer Interrogatory No. 17 and also has failed to respond to the subject motion to compel.

Under the Federal Rules of Civil Procedure, the court finds that the information sought by Interrogatory No. 17 is relevant to the plaintiff's claim and discoverable by the defendants. Accordingly, the court hereby **ORDERS** that the defendants' motion to compel (# 17) is **GRANTED.** Accordingly, the plaintiff is directed to

serve a full answer to Interrogatory No. 17 upon counsel for the defendants by no later than the close of business on Friday, December 21, 2007.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: December 18, 2007

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge